IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL ANTHONY BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 114-059 |
| ) | |
| RICHARD ROUNDTREE, Sheriff, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 was purportedly brought on behalf of Petitioner Michael Anthony Brown, an inmate at Charles B. Webster Detention Center in Augusta, Georgia. As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for lack of jurisdiction, and that this civil action be **CLOSED**.

I.  **BACKGROUND**

The petition challenges Petitioner's arrest and detention on state charges by claiming that he is being held awaiting trial based on evidence obtained in violation of the Fourth Amendment. (See doc. no. 1, pp. 4-7.) The petition states that Petitioner is represented by an attorney in his criminal proceedings, who was in the process of raising similar challenges to

the evidence at the time the petition was filed. (Id. at 5.) Additionally, the petition raises complaints about jail policies with respect to mail and access to legal resources. (Id. at 2-4.)

Since the petition was filed, Petitioner was indicted on federal charges out of the same incident, and counsel was appointed to represent him in his federal criminal proceedings. See U.S. v. Brown, No. 1:14-cr-00025, doc. nos. 1, 9 (S.D. Ga. Mar. 24, 2014) ("CR 114-025"). Petitioner's attorney has since filed several discovery motions, including a motion to suppress evidence. Id., doc. no. 22. On May 7, 2014 the Court held a hearing as to the motion to suppress, and a ruling on the merits is forthcoming. Id., doc. no. 31.

The § 2241 petition was not signed by Petitioner, but rather by his wife, Despoina Kikiris-Brown, who claims to have power of attorney. (Doc. no. 1, pp. 4, 7.) However, as explained in the petition, Petitioner simply hand-wrote his claims and mailed them to Mrs. Kikiris-Brown for her to type and file. (Id. at 5.) The only explanation why Petitioner could not file the petition himself is the petition's various allegations of restricted access to legal resources at his facility and unsecure mail. (See id. at 2-4.) Because Petitioner did not sign the petition himself, the Court issued an Order dated March 17, 2014 directing him to submit a signed, amended petition within twenty-one days. (Doc. no. 2.) The allotted time has passed, and Petitioner has not filed an amended petition or responded to the Court's Order.[1]

## II. DISCUSSION

As the Court stated in its March 17th Order, 28 U.S.C. § 2242 requires habeas petitions to be "signed and verified by the person for whose relief it is intended or by

---

[1] Petitioner may have elected not to respond because the Court is now considering the merits of the motion to suppress evidence. See CR 114-025, doc. nos. 22, 31.

someone acting in his behalf." There is no indication that Mrs. Kikiris-Brown is an attorney, but she could nevertheless have standing to sign and file the petition on Petitioner's behalf if she is doing so as a "next friend." See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 623 (11th Cir. 2007) (*per curiam*). This Court may not, however, "entertain a habeas petition not signed by the person for whose relief it is intended absent 'a showing by the proposed "next friend" that [the] real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to the court, or other similar disability.'" Hamblen v. Dugger, 748 F. Supp. 1497, 1498 (M.D. Fla. 1990) (quoting Whitmore v. Arkansas, 495 U.S. 149, 165 (1990)).

Here, Mrs. Kikiris-Brown does not claim Petitioner is mentally incompetent or otherwise disabled. The petition, purportedly drafted by Petitioner and not Mrs. Kikiris-Brown, claims that Petitioner is being denied access to the courts by operation of various policies at his facility. (See doc. no. 1, pp. 2-4.) Three of the six claims allege that Petitioner does not have access to a law library to perform legal research, two raise concerns with the security of legal mail at Petitioner's facility and the unavailability of certified mail, and the sixth complains that Petitioner was unable to contact his attorney by phone. (Id.) None of these allegations demonstrate that Petitioner is unable to sign and file his own petition such that his wife has standing to file on his behalf. See Francis, 246 F. App'x at 623 (petitioner's wife did not have standing because she did not explain why it was necessary for her to submit the petition as "next friend"); Evans v. McNeil, No. 3:06cv379, 2008 WL 2561899, at *10 (N.D. Fla. June 25, 2008) (jail policies allegedly limiting legal research "[fell] far short of demonstrating that Petitioner was unable to appear on his own behalf or through legal

counsel"). Accordingly, the Court lacks jurisdiction to consider the instant § 2241 petition.

**III.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for lack of standing, and that this civil action be **CLOSED**.[2]

SO REPORTED and RECOMMENDED this 27th day of May, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court need not address the issue of exhaustion or Petitioner's failure to comply with its March 17th Order directing him to file an amended complaint.

4